# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>        Defendants. | Civil Action No. 1:24-cv-1603 (DLF) |

## PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Civil Rule 7(h), Plaintiff Sanofi-Aventis U.S. LLC ("Sanofi") submits the below statement of material facts, as to which there is no genuine dispute, in support of its motion for summary judgment:

1. On December 30, 2020, the General Counsel for the Department of Health and Human Services ("HHS") issued Advisory Opinion 20-06 on Contract Pharmacies Under the 340B Program in which he represented that (a) contract pharmacies act as agents of covered entities and (b) covered entities maintain title over 340B-priced drugs shipped to contract pharmacies. *See* https://www.hhs.gov/guidance/sites/default/files/hhs-guidance-documents/340B-AO-FINAL-12-30-2020_0.pdf.

2. On June 28, 2021, HHS and HRSA represented to this Court in *Novartis Pharmaceuticals Corporation v. Espinoza*, 21-cv-1479 (DLF), that a covered entity

"maintains the title to the 340B drugs" shipped to "contract pharmacies." Dkt. 13-1, at 15.

3. On September 21, 2021, HHS and HRSA represented to this Court in *United Therapeutics Corporation v. Espinoza*, 21-cv-1686 (DLF), that "the relationship between [covered entities and contract pharmacies] generally functions like a principal-agent relationship." Dkt. No. 22, at 6.

4. Sanofi filed its request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, on July 21, 2021. Shumate Decl. ¶ 5, Ex. 1.

5. Sanofi's FOIA request sought all records "reflecting whether (a) contract pharmacies act as agents of covered entities, and (b) covered entities maintain title to drugs shipped to contract pharmacies." Shumate Decl. ¶ 5, Ex. 1 at 2.

6. Sanofi's FOIA request sought information regarding only the agency relationship between covered entities and contract pharmacies and which party maintains title over 340B-priced drugs. The request did not seek the pricing terms in the contracts or even the identities of the contracting parties. Shumate Decl. ¶ 5, Ex. 1.

7. On July 22, 2021, the Health Resources and Services Administration ("HRSA") acknowledged receiving Sanofi's FOIA request and assigned #21F218 to it. Shumate Decl. ¶ 6, Ex. 2.

8. On October 19, 2021, a HRSA representative responded that "there are hundreds of contract pharmacies, and each contract will have to be sent to each respective pharmacy for submitter review. This process will take several months to

complete. . . . If you would still like to see contracts, would you be okay with receiving one or two of them, instead of all? My assumption is that the contracts will look fairly uniform except for the names/identifying information unique to each pharmacy." Shumate Decl. ¶ 7, Ex. 3 at 2.

9. Sanofi responded the same day that it "does not agree to waive its request for contracts that are responsive to the request; however, we would appreciate receiving your production of contracts on a rolling basis. After reviewing 1-2 contracts, we will reconsider whether to waive production of additional contracts that are responsive to the request." Shumate Decl. ¶ 7, Ex. 3 at 1.

10. On December 8, 2021, HRSA made a determination to deny Sanofi's FOIA request, explaining that it had identified "43 pages of pharmacy contracts responsive to" Sanofi's request, but that it was "withholding those pages in full pursuant to Exemption 4." Shumate Decl. ¶ 8, Ex. 4 at 2.

11. According to HRSA, no portion of the pharmacy contracts can be disclosed because the "withheld information includes product pricing and other commercial or financial information," and "the submitters do not customarily release this information to the public." Shumate Decl. ¶ 8, Ex. 4 at 2-3.

12. HRSA also concluded that disclosure was improper because it was "reasonably foresee[able] that disclosure would harm an interest protected" by Exemption 4. Shumate Decl. ¶ 8, Ex. 4 at 2.

13. HRSA later clarified via email that withholding these contracts in full was appropriate "because the contracts had clauses that prohibited release of any

portions of the contracts except to the parties to the contracts." Shumate Decl. ¶ 9, Ex. 5 at 1.

14. HRSA invoked only FOIA Exemption 4 to withhold the substantive portions of the pharmacy contracts. Shumate Decl. ¶ 8, Ex. 4.

15. On January 4, 2022, Sanofi timely administratively appealed HRSA's decision to invoke FOIA Exemption 4. Shumate Decl. ¶ 10, Ex. 6.

16. HRSA continues to withhold hundreds of contract pharmacy agreements responsive to Sanofi's FOIA request. Shumate Decl. ¶ 7, Ex. 3 at 2.

Dated: October 3, 2024                               Respectfully submitted,

                                                     */s/ Brett A. Shumate*
Toni-Ann Citera                                      Brett A. Shumate  (D.C. Bar No. 974673)
(admitted pro hac vice)                              Megan Lacy Owen  (D.C. Bar No. 1007688)
Rajeev Muttreja                                      JONES DAY
(admitted pro hac vice)                              51 Louisiana Avenue, N.W.
JONES DAY                                            Washington, D.C. 20001
250 Vesey Street                                     Telephone: (202) 879-3939
New York, New York 10281                             Facsimile: (202) 626-1700
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

*Counsel for Plaintiff*