UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et al.,<br><br>　　　　Defendants. | Civil Action No. 24-1603 (DLF) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**

Defendants the Department of Health and Human Services (the "Department") and the Health Resources and Services Administration ("HRSA" or the "Administration"), through undersigned counsel, respectfully oppose Plaintiff's motion to strike.

Plaintiff submitted a request under the Freedom of Information Act ("FOIA") that would take more than thirteen years to process. *See* Suppl. May Decl. ¶ 33, ECF No. 28-2 ("Therefore, to satisfy the full scope of the request, HRSA FOIA estimates approximately 13 and one-half work years to complete."). Rather than move for summary judgment at the outset, or in response to Plaintiff's motion for summary judgment, Defendants chose to try to work with Plaintiff to narrow the request to a scope that would comply with the "reasonably describes" requirement of FOIA. Plaintiff refused. Instead, because no good deed goes unpunished, Plaintiff now asks the Court to punish Defendants for not taking the litigious approach that it has chosen to take as opposed to the cooperative one Defendants have tried to take. Plaintiff's motion only encourages agencies not to try to work with requesters in the future for fear if they do not move for summary judgment when Plaintiff's do when a request is not reasonably described, they will be barred from doing so and

ordered to process an unreasonably burdensome request. The Court should not encourage this sort of practice. For the reasons below, the Court should deny Plaintiff's motion to strike.

I.      **Defendants Complied with All Federal Rules, Local Rules, and Court Orders**

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Simply put, Plaintiff misunderstands the Court's prior Minute Order. When the Court issued the September 8, 2024, Minute Order for Plaintiff to move for summary judgment, it was just that. The Minute Order did not state by when, if at all, Defendants needed to move for summary judgment. The Court issued the Minute Order because Plaintiff asked the Court to set a briefing schedule for it to move for summary judgment in the parties' September 6, 2024, Joint Status Report, believing that the "FOIA dispute is now ripe for summary judgment briefing." Jt. Status Rep. at 3, ECF No. 17. To the contrary, as can be seen from Defendants' reply in support of their own motion for partial summary judgment, which only addressed two records, Plaintiff's motion was premature because its "arguments about how Exemption 4 may or may not apply is currently a theoretical inquiry based on presumptions and future events that may or may not occur." Def.'s Mot. Partial Summ. J. at 6-9, ECF No. 25. Below is the Court's Minute Order in full:

> MINUTE ORDER. Upon consideration of the parties' 17 Joint Status Report, the following briefing schedule shall govern further proceedings: the plaintiff shall file its motion for summary judgment on or before October 3, 2024; the defendant shall file any response on or before November 14, 2024; and the plaintiff shall file any reply on or before December 6, 2024. The Court will not be inclined to grant future motions for extensions of the briefing schedule absent compelling circumstances. So Ordered by Judge Dabney L. Friedrich on September 8, 2024.

Min. Order (Sept. 8, 2024).

As can be seen from the plain language in the Minute Order itself, the schedule was set for Plaintiff to move for summary judgment. The Minute Order did not state that Defendants could not move for summary judgment, nor did it state that Defendants were bound by the schedule set for Plaintiff to move for summary judgment. In fact, it did not set a deadline for Defendants to move for summary judgment at all. Obviously, the Court did not intend for only one party to be able to move for summary judgment in this case. And as has been explained throughout the filings, Defendants chose to forgo moving for summary judgment until after they had tried to confer more with Plaintiff about narrowing the request. *See, e.g.*, May Decl. ¶ 33, ECF No. 20-2. ("While the FOIA office is willing to work with Plaintiff to produce the requested records, the scale and timeframe suggested by Plaintiff is unattainable."); *id.* ¶ 34 ("If Plaintiff were willing to narrow their request, it would greatly help both parties process and receive the contracts in a timely manner."); Suppl. May Decl. ¶¶ 21-23, ECF No. 28-2 (describing Defendants' efforts to narrow scope of last item of request with Plaintiff). It was only after Defendants learned that they would not be able to convince Plaintiff to narrow a request that would take more than thirteen years to process that they decided they had no other choice but to move for summary judgment.

In sum, contrary to Plaintiff's understanding of the case, Defendant has complied with all federal rules, local rules, and court orders, including this Court's September 8, 2024, Minute Order.[1]

## II. Defendants' Motion for Summary Judgment Addresses a Threshold Issue that Must Be Addressed Before Plaintiff's Motion About Theoretical Issues

Seeking to avoid the merits of Defendants' motion, Plaintiff tries to re-characterize it as something that it is not. When Defendants provided the first Agency declaration, it was to show

---

[1] Because Defendants did not miss any Court ordered deadline to file its own motion for summary judgment, Plaintiff's discussion about Rule 6 is irrelevant.

3

the Court that the arbitrary relief that Plaintiff sought in its motion for summary judgment was unattainable. Specifically, Plaintiff sought the following specific relief:

1. HRSA shall produce an index identifying all responsive pharmacy contracts 30 days after entry of final judgment.

2. HRSA shall begin releasing pharmacy contracts on a rolling basis 30 days thereafter.

3. HRSA shall release at least 500 pages, and in no event fewer than 25 pharmacy contracts, per month until all responsive contracts are released.

Pl. Mot. at 25, ECF No. 18-1. Plaintiff appears to still seek the same relief. *See* Pl.'s Mot. Strike at 7 n.1, ECF No. 29 ("And the government ignores that Sanofi proposed a processing schedule of at least 25 contracts and 500 pages per month.").

But as explained in opposition to Plaintiff's motion, this is an impossible ask. Defendants anticipate that there are approximately 7,000 contracts and the pre-disclosure notice process is time-consuming. It will take years to accomplish, and the five employees in the Agency's FOIA office cannot abandon all their other responsibilities for the next thirteen years to focus on the last item of Plaintiff's single FOIA request, or circumvent the pre-disclosure notice process, as their regulations dictate, because of Plaintiff's impatience. *See* Suppl. May Decl. ¶ 36, ECF No. 28-2 ("As a result, my office cannot devote all its resources to Plaintiff's request."); *Ctr. for Immigr. Stud. v. U.S. Citizenship & Immigr. Servs.*, 628 F. Supp. 3d 266, 272 (D.D.C. 2022) ("Agencies respond to FOIA requests at taxpayer expense, and burdensome requests hinder an agency's ability to respond to other FOIA requests and to conduct its other statutory responsibilities. An agency should not need to spend so much time on one request (or multiple related requests from one requester) at the expense of its more critical duties.").

Further, when Defendants moved for partial summary judgment, they did so for two records only: the Walgreens contract and the Pole Mountain contract. *See* Def.'s Mot. Partial

4

Summ. J. at 10-12, ECF No. 20 (arguing that any disagreements related to the Walgreens and Pole Mountain contracts were moot); Def.'s Reply Supp. Mot. Partial Summ. J. at 4-5, ECF No. 25 (same); *see also* Walgreens contract, ECF Nos. 23-2, 24-2, Pole Mountain contract, ECF Nos. 23-3, 24-3. Defendants did not move for partial summary judgment asking the Court to find that the last item of Plaintiff's request would be unreasonably burdensome to process.

Now, for the first time, Defendants are asking the Court to find that the last item of Plaintiff's request would be unreasonably burdensome to process. As is clear from the record, this motion is different than Defendants' prior motion for partial summary judgment, which only sought a finding that they have complied with their FOIA obligations to process and produce two records. Plaintiff may believe that it has fooled the Court into believing that Defendants' have filed two of the same motions because of how Plaintiff has characterized the motions in its brief; however, undeniably, that is not the case.

The Court, further, should address Defendants' motion before addressing Plaintiff's motion. Whether a request is reasonably described is a threshold issue. If a request is not reasonably described, an agency has no obligation to respond to it. *Ctr. for Immigr. Stud.*, 628 F. Supp. 3d at 272 ("Even when a request reasonably describes documents, the attendant burden of production can be so heavy that the agency need not respond."); *Am. Fed'n of Gov't Emps. v. Dep't of Com.*, 907 F.2d 203, 209 (D.C. Cir. 1990) (affirming district court's decision that agency did not need to respond to request that required unreasonably burdensome post search processing even though the request identified the documents requested with sufficient precision to enable the agency to identify them). Thus, before addressing the theoretical inquiries that Plaintiff has asked this Court to address about Exemption 4 in its own motion for summary judgment, the Court must first address whether Defendants are required to process Plaintiff's request at all. If the Court finds

that Plaintiff's request is not reasonably described because it would be unreasonably burdensome to process—as supported by the detailed supplemental Agency declaration—then the issues raised in Plaintiff's motion become moot, regardless of when the motion was filed compared to Defendants' motion.

Additionally, addressing Defendants' motion before Plaintiff's motion does simplify the case for all parties and the Court, and it moves the case towards a "just, speedy, and inexpensive determination" of the action. Fed. R. Civ. P. 1. As explained throughout the filings, Plaintiff has muddied the waters by prematurely filing a motion for summary judgment, asking the Court to rule on whether Exemption 4 theoretically applies to documents that have not yet been searched for, processed, or produced, and which some pharmacies may choose to voluntarily disclose. *See* Def.'s Reply at 6-9, ECF No. 25. In fact, it is what happened with the Walgreens contract, and the Pole Mountain contract was produced in full after Defendants engaged in the pre-disclosure notice process with the pharmacy but received no response. *See* May Decl. ¶¶ 18-20, ECF No. 20-2; *see also* Walgreens contract, ECF Nos. 23-2, 24-2, Pole Mountain contract, ECF Nos. 23-3, 24-3. As explained in Defendants' opposition to Plaintiff's motion for summary judgment, if the Court were to rule on Plaintiff's theoretical exercise, it could all be for nothing. *Id.* That, contrary to Plaintiff's position, would be a massive waste of the Court's resources.

Tellingly, the case law Plaintiff cites in support of its position does not involve FOIA cases and is not from this Circuit. More so, they do not support Plaintiff's position at all; instead, they support Defendants' position. For example, Plaintiff cited to *Fernandez v. Bankers National Life Insurance Co.*, 906 F.2d 559, 569 (11th Cir. 1990), where the Eleventh Circuit expressly stated, "[t]wo motions for summary judgment may be ruled upon in the same case, particularly when

6

discovery has been extended for good reason, as in this case, and the district judge allows a second summary judgment motion."

And in *Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961), while Plaintiff cited to the language, "[w]hile we certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised," Plaintiff left off the crucial remaining part of the quotation that reads, "we do not believe the rules prohibit the consideration by a trial court of a second motion of this nature."[2]

And in *Vera v. Rodriguez*, Civ. A. No. 16-0491, 2017 WL 6621048, at *2 (D.N.M. Dec. 27, 2017), the case Plaintiff relies on the most, although the Court expressed its displeasure with having to resolve multiple motions for summary judgment, in the end, the Court denied the "motion to prohibit piecemeal motions practice" because the Court found it would be even more of a waste of time to require the parties to reformat and resubmit their motions. *See id.* ("Although the Court agrees with Plaintiff that Defendants should have sought to file one omnibus motion rather than a series of motions that cross referenced each other, at this stage in the litigation it would create additional burden, expense, and delay for the Court to order Defendants' to reformat and resubmit their motions. Therefore, the Court DENIES Plaintiff's Motion to Prohibit Piecemeal Motion Practice[.]").

"While successive motions may be inappropriate in certain contexts, the nature of FOIA cases lends itself to such filings." *Wisdom v. U.S. Tr. Program*, 266 F. Supp. 3d 93, 102 (D.D.C.

---

[2] Plaintiff quoted this language as coming from *Fernandez*, but the Court in *Fernandez* cited *Allstate Finance* and included the quotation parenthetically.

2017); *see also Shteynlyuger v. Ctrs. for Medicare & Medicaid Servs.*, 698 F. Supp. 3d 82, 132 (D.D.C. 2023) (noting that the D.C. Circuit has recognized the propriety of permitting do-overs in FOIA cases on a case-by-case basis, and allowing agency to renew its summary judgment motion after, among other things, failing to support Exemption 4). It would defy common sense to essentially shut down the FOIA office of an agency subcomponent for over a decade to process a single request because the subcomponent tried to work with the requester instead of taking the bait to engage in motions practice.

Lastly, it bears mentioning that if Defendants' motion for summary judgment were truly as repetitive as Plaintiff complains, *see* Pl.'s Mot. Strike at 7, then Plaintiff already has completed the research and drafting necessary to respond to the motion. Ironically, it appears Plaintiff has actually created more work for the parties and the Court by filing its motion to strike, which raises new arguments and issues that the parties and the Court must now address rather than addressing the merits of Defendants' motion, which Plaintiff seemingly acknowledges could have easily been responded to.

In sum, Defendants' motion for summary judgment addresses a threshold issue that the Court should resolve before engaging in possibly unnecessary, inquiries about Exemption 4 that Plaintiff asks this Court to engage in first. Defendants' motion provides a "just, speedy, and inexpensive determination" of this action, *see* Fed. R. Civ. P. 1, instead of allowing it to go on for more than a decade at the taxpayer's expense.

\*   \*   \*

## CONCLUSION

The Court should deny Plaintiff's motion to strike for the reasons above.

Date: February 20, 2025

Respectfully submitted,

EDWARD R. MARTIN, Jr., D.C. Bar #481866
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:      /s/ Sam Escher
SAM ESCHER, D.C. Bar #1655538
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2531
Sam.Escher@usdoj.gov

*Attorneys for United States of America*