UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SANOFI-AVENTIS U.S. LLC,

    Plaintiff

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

    Defendants.

Civil Action No. 24-1603 (DLF)

## JOINT STATUS REPORT

Plaintiff Sanofi-Aventis U.S. LLC ("Sanofi") and Defendants U.S. Department of Health and Human Services ("HHS") and U.S. Health Resources and Services Administration ("HRSA"), through the undersigned counsel, submit the following joint status report in response to the Court's September 19, 2025 order.

**I.**     **Plaintiff's Position**

Defendants have produced two responsive contracts to date, but none since late 2024. Sanofi proposed a processing schedule to Defendants, as well as (in early 2025) the possibility of a stipulation under which Defendants would not need to produce any further contracts. Defendants have not agreed to either, and the dispute between the parties thus has not been narrowed. But Sanofi—which has now been waiting more than four years for these documents—remains open to such a resolution. However, Sanofi is unwilling to narrow its request when Defendants continue to maintain their unsupported assertions about contract pharmacies that Sanofi expects these documents to refute—as, indeed, the two contracts produced by Defendants thus far have done.

Regarding the Court's request for legal authority, Defendants' production of two responsive contracts demonstrates that Defendants have no basis for continuing to withhold the

1

requested information as commercial.  This disclosure reflects that these title and agency arrangements are not "commercial in and of themselves," *CREW v. DOJ*, 58 F.4th 1255, 1263 (D.C. Cir. 2023), and indeed Defendants have offered no reason for continuing to differentiate between these two now-disclosed contracts and the many hundreds of other responsive contracts that Defendants continue to withhold.  Defendants thus do not comply with their obligation to "describe the justifications for withholding the information with specific detail." *CREW v. DOJ*, 728 F. Supp. 3d 113, 121 (D.D.C. 2024); *see also Kowal v. DOJ*, 107 F.4th 1018, 1026 n.1 (D.C. Cir. 2024) ("When relying on a FOIA exemption to withhold records, an agency must provide a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply." (cleaned up)).  And this is particularly so when Sanofi is not even seeking the identities of the contracting parties (which Defendants nevertheless disclosed in the two produced contracts).

Counsel for Sanofi is available for a telephonic status conference after 3:30 PM on September 23, and before 9:30 AM on September 24.  (Counsel's availability is limited because of a hearing on September 24 and associated travel.)  Counsel for Sanofi is also available any time on September 25 or 26.

## II. Defendants' Position

Unfortunately, the parties have not been able to narrow the dispute any further since Defendants moved for summary judgment. To date, Defendants processed and released the two pharmacy contracts in late 2024. Defendants have not processed or released any other pharmacy contracts since then. Defendants have not taken any other steps to determine whether the parties to the remaining pharmacy contracts would agree to the release of the information that the plaintiff seeks. Defendants have not done so, however, for the reasons stated in their motion for summary judgment.

Defendants were willing to work with Plaintiff to process the request, but the request must be reasonably described. Whether a request is reasonably described is a threshold issue. As explained in Defendants' motion for summary judgment, as is, it is expected that processing this request would take thirteen and a half years. Further, Plaintiff has repeatedly indicated that it was unwilling to narrow the request at all. That Plaintiff has asked Defendants to stipulate to a judgment that (1) covered entities do not retain title over 340B-priced drugs shipped to contract pharmacies, and (2) there is no agency relationship between covered entities and contract pharmacies is not something the Agency is willing to do in a FOIA suit, and only supports Defendants' arguments that Plaintiff does not need the 7,500 contracts it seeks. Therefore, Defendants were left with no choice but to move for summary judgment.

Regarding the Court's inquiries about whether the information Plaintiff seeks is commercial, Defendants reassert their arguments from their reply in support of their cross motion for partial summary judgment that these inquiries are premature. ECF No. 25 at 6-9. Currently, this information has not been withheld in the contracts that were produced. Whether Plaintiff's request is reasonably described takes precedence over this issue. And if Plaintiff is willing to narrow its request and the pharmacies are willing to release the information Plaintiff seeks, then this entire inquiry would be moot.

That said, Defendants respectfully rely on the arguments from their cross motion for partial summary judgment, ECF No. 20 at 14-15, and reply in support, ECF No. 25 at 10-11, about why the information Plaintiff seeks is commercial. Amongst the authorities cited was this Court's opinion in *Citizens for Resp. & Ethics in Wash. v. U.S Dep't of Just.*, 728 F. Supp. 3d 113, 122 (D.D.C. 2024). There, this Court found that even contractor names were commercial and emphasized that "[b]usiness organizations plainly have a commercial interest in their contracts and

matters affecting such contracts." *Id.* at 122. The same principles and analyses from that case apply here. Lastly, the reason why Defendants released the information Plaintiff seeks in two contracts is because one of the pharmacies agreed to release the information and the other did not respond to Defendants' inquiry.

The undersigned from the U.S. Attorney's Office can be available on September 23 or 24 on behalf of Defendants, but he is not available before 9:30 a.m. on September 24. Counsel is not available on September 25 because he has a hearing in front of Judge Nichols on a motion for a preliminary injunction. Counsel can also be available on September 26, but he is also trying to make sure Agency counsel is present, and it is less likely that someone can be available on September 26.

Date:   September 22, 2025

*/s/ Rajeev Muttreja*
Rajeev Muttreja (admitted *pro hac vice*)
JONES DAY
250 Vesey Street
New York, New York 10281
Telephone: (212) 326-3939
Facsimile: (212) 755-7306
rmuttreja@jonesday.com

*Counsel for Plaintiff*

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Sam Escher*
         SAM ESCHER, D.C. Bar #1655538
         Assistant United States Attorney
         601 D Street, NW
         Washington, DC 20530
         (202) 252-2531
         Sam.Escher@usdoj.gov

*Counsel for United States of America*

4