UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANOFI-AVENTIS U.S. LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, et al.,<br><br>    Defendants. | Civil Action No. 24-1603 (DLF) |

**DEFENDANTS' MOTION FOR
EXTENSION OF TIME TO FILE JOINT STATUS REPORT**

Defendants the Department of Health and Human Services (the "Department") and the Health Resources and Services Administration ("HRSA" or the "Administration"), respectfully move for a 45-day extension to file a joint status report containing the information the Court requested in its September 25, 2025, Minute Order. Currently, the deadline to submit the joint status report is Tuesday, December 9, 2025.[1] Defendants seek a new deadline of Friday, January 23, 2026. Counsel for Defendants conferred with counsel for Plaintiff about this motion, and Plaintiff consents to this motion in part and opposes this motion in part. Plaintiff consents to a 28-day extension only, which would be Tuesday, January 6, 2026.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1). "A schedule may be modified only for good cause and with the judge's consent."

---

[1] According to Standing Order No. 25-59 issued by the Court on November 13, 2025, the original November 24, 2025, deadline is extended by ten business days, which equates to Tuesday, December 9, 2025.

Fed. R. Civ. P. 16(b)(4). "District courts enjoy broad discretion when deciding case management and scheduling matters." *McGehee v. Dep't of Just.*, 362 F. Supp. 3d 14, 18 (D.D.C. 2019).

Good cause exists to grant this motion. On September 25, 2025, the Court issued the following Minute Order:

(1) the parties shall meet and confer regarding the requested contracts;

(2) the defendants shall promptly identify 25 responsive contracts and complete the pre-disclosure and submitter review processes with respect to each contract;

(3) on or before November 24, 2025, the parties shall file a joint status report in which the parties shall reveal any areas of agreement, and the defendants shall provide the following information:

    (a) the amount of time the agency spent on the search;

    (b) the amount of time the agency spent on compiling pre-disclosure notices and conducting submitter review;

    (c) the responses received from the contracting entities regarding confidentiality, including the number of submitters that objected to the release of the contracts, and the number that consented to release or did not respond;

    (d) the amount of time the agency spent redacting the contracts;

    (e) the number of contracts the defendants produced to the plaintiff and the number of contracts the defendants withheld; and

    (f) the reasons the defendants withheld any contracts, including whether the defendants are invoking Exemption 4.

Min. Order (Sep. 25, 2025).

Originally, the Court gave the parties 60 days (or 40 working days) to complete the tasks above. However, Defendants were not able to work during the furlough. Under the current deadline calculated using Standing Order No. 25-59, the number of days for Defendants to complete the tasks above will have been cut roughly in half from 60 days to 32 days.[2]

---

[2] 5 days (9/26-9/30) + 27 days (11/13-12/9) = 32 days

Although Plaintiff consents in part to an extension, good cause exists to grant the longer one Defendants request. To begin, Defendants have been diligent in their efforts to ascertain the contracts and information in accordance with the Court's Minute Order. The day after the hearing on September 25, 2025, Defendants contacted Plaintiff to set up a meeting to determine which contracts Plaintiff wanted to be prioritized. The parties met via Microsoft Teams on Tuesday, September 29, and Defendants provided ideas about how to search for a randomized sample but ultimately wanted to defer to Plaintiff if it had a preference. Defendants only learned of the contracts Plaintiff wants prioritized via email this past Monday, November 17.

Good cause also exists to grant a longer extension because unlike beforehand Defendants are competing with the upcoming holidays. Several of Defendants' employees who originally were available to work on this case from September 25 to November 24 will now be out of the office for stretches at a time. Even if none of Defendants' employees take leave, at issue are pre-disclosure notices with other third parties who are not involved in this case, and the holidays will likely impact their ability to provide timely responses about their records. Defendants expect several submitters to request extensions until after the holidays are over. Even if Defendants were to stick to a strict pre-disclosure notice timeline and not grant extensions, it will still take about 30 days to complete the process. Lastly, since Defendants only recently learned from Plaintiff which types of contracts to prioritize, Defendants still do not know exactly how many contracts their search will yield. If the search yields roughly a large number, then the parties would have to meet and confer again about how to prioritize the contracts even more.

For the reasons above, Defendants contend there is good cause to grant this motion and for the parties' new deadline to submit a joint status report be extended to <u>Friday, January 23, 2026</u>.

Date: November 21, 2025  
Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO  
United States Attorney

By:     */s/ Sam Escher*  
SAM ESCHER, D.C. Bar #1655538  
Assistant United States Attorney  
601 D Street, NW  
Washington, DC 20530  
(202) 252-2531  
Sam.Escher@usdoj.gov

*Attorneys for the United States of America*